[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10571
Non-Argument Calendar

_____

D. C. Docket No. 05-00244-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES WESLEY HUNT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 27, 2007)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

On pleas of guilty to possession with intent to use unlawfully five or more

identification documents, in violation of 18 U.S.C. § 1028(a)(3), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), the district court sentenced appellant to consecutive prison terms of 67 months and 24 months. He now appeals these sentences, contending that they are unreasonable on the ground that the district court, in fashioning the sentences, failed to consider the sentencing factors set out in 18 U.S.C. § 3553(a).

Section 3553(a)'s factors include, in subpart (2),

the need for the sentence imposed –
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant.

18 U.S.C. § 3553(a)(2) (A),(B),(C).

The transcript of the sentencing hearing reflects that the district court duly considered the § 3553(a) factors, in particular, factors (A), (B), and (C). Of great significance to the court was appellant's lengthy criminal record. It appeared to the court that appellant's previous convictions and the sentences he had served had not changed his behavior one whit – they had not deterred his penchant for criminal behavior. The court therefore announced that imprisonment was necessary both to protect the public from appellant's future criminal activity and to deter others from following in appellant's footsteps. Although the court did not refer specifically to

factors (B) and (C), it is obvious to us that it had those factors in mind in fashioning appellant's sentence package. It is also obvious that the court considered the sentencing need expressed in factor (A), especially the need for the sentence package to promote respect for the law.

Appellant's sentences are

**AFFIRMED.**